ORIGINAL   ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 27 2010

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

James Bopp, Jr., Ind. No. 2838-84*
  jboppjr@aol.com
Randy Elf, N. Y. No. 2863553*
  relf@bopplaw.com
Joe La Rue, Ohio No. 80643*
  jlarue@bopplaw.com
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Ind.  47803
Telephone (812) 232-2434
Facsimile  (812) 235-3685
*Lead Counsel for Plaintiffs**
    * Pro hac vice application made
August 27, 2010.

James Hochberg
Hawaii No. 3686
JAMES HOCHBERG,
ATTORNEY AT LAW
Topa Financial Center
Suite 1450, Fort Street Tower
745 Fort Street Mall
Honolulu, Hawaii  96813
Telephone (808) 534-1514
Facsimile  (808) 538-3075
jim@JamesHochbergLaw.com
Local Counsel for Plaintiffs

CV 10. 00497 JMSLEK

In the United States District Court
for the District of Hawaii

| | |
|---|---|
| Jimmy Yamada, Russell Stewart, and A-1 A-Lectrician, Inc.,<br><br>*Plaintiffs,*<br><br>v.<br><br>Paul Kuramoto, in his official capacity as chair and member of the Hawaii Campaign Spending Commission; Steven Olbrich, in his official capacity as vice chair and member of the Hawaii Campaign Spending Commission; Gino Gabrio, Dean Robb, and Michael Weaver, in their official capacities as members of the Hawaii Campaign Spending Commission,<br><br>*Defendants* | Civil Action No. ____<br><br>**Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion to Consolidate the Preliminary Injunction Hearing with the Trial on the Merits**<br><br>**Oral Argument Requested**<br><br>**Estimated Time Needed: 1 Hour** |

# Plaintiffs' Memorandum in Support of Motion to Consolidate

Plaintiffs Jimmy Yamada, Russell Stewart, and A-1 A-Lectrician, Inc. ("A-1-A"), file this brief in support of their motion to consolidate their motion for a preliminary injunction with the trial on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.

## Background

The relevant facts are set forth in the verified complaint.

## Standard

Rule 65(a)(2) of the Federal Rules of Civil Procedure states that the trial on the merits may be advanced and consolidated with a hearing on a motion for preliminary injunction.[1] This Court has the power to grant such a motion, *Glacier Park Found. v. Watt*, 663 F.2d 882, 886 (9th Cir. 1981) (citing Fed. R. Civ. P. 65(a)(2)), "by stipulation, motion, or even sua sponte so long as the procedures do not result in prejudice to either party." *Id.* (citing *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1106 (D.C. Cir. 1972)).

The Eighth Circuit Court of Appeals recognizes that "consolidation under Rule 65 saves time and conserves judicial resources at both the trial and appellate courts." *Campaign for Family Farms v. Glickman*, 200 F.3d 1180, 1185 (8th Cir. 2000). Consolidation is encouraged in the Eighth Circuit. *West Publ'g Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219,

---

[1] "Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial." Fed. R. Civ. P. 65(a)(2).

1229 (8th Cir. 1986) (stating that "[t]his procedure is a good one, and we wish to encourage it.").

The rule leaves the decision to consolidate within the discretion of the trial court. Fed. R. Civ. P. 65(a)(2) ("[T]he court *may* advance the trial on the merits and consolidate it with the hearing." (emphasis added)). Courts have explained that consolidation is appropriate in several circumstances. **First**, consolidation is appropriate when the case turns on purely legal issues and there are no material issues of fact. *United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1358 (8th Cir. 1979). **Second**, consolidation may be ordered when the factual issues presented at a hearing on a motion for a preliminary injunction are the same as those that would be presented at a trial on the merits. *SEC v. N. Am. Research & Dev. Corp.*, 59 F.R.D. 111, 114 (S.D.N.Y. 1972). **Third**, consolidation may serve public policy considerations and avoid the piecemeal vindication of rights. *Campaign for Family Farms*, 200 F.3d at 1185 (noting with approval that consolidation can save judicial resources).

All three factors do not need to be present for consolidation to be

warranted; it is sufficient that any one of them is present. In the case at bar, however, *all three* factors are present. Consolidation is therefore warranted in this case.

# Argument

## I. Consolidation Is Warranted Because This Action Presents Purely Legal Questions.

The Plaintiffs seek preliminary and permanent injunctive relief to prevent Hawaii from enforcing provisions of the Hawaii Revised Statutes regulating campaign finance and election law on the ground that they violate the First and Fourteenth Amendments to the United States Constitution. Each of the provisions challenged presents a purely legal challenge that can be answered without the development of a factual record.

Consolidation is appropriate when the case can be decided as a matter of law, because there are no issues of material fact. *Goldman*, 596 F.2d at 1358. Here, all facts necessary to determine whether the Plaintiffs are entitled to injunctive relief are contained in the Verified Complaint. The material facts should be undisputed because they are straightforward statements of the Plaintiffs' intent, which is uniquely

within the Plaintiffs'—not the Defendants'— knowledge.

Where, as here, there is no dispute as to the material facts and the case turns on purely legal questions, consolidating the trial on the merits with a hearing on a motion for preliminary injunction is consistent with the Supreme Court's mandate that First Amendment standards must not focus on the intent, effect, or context of the communications at issue. *FEC v. Wis. Right to Life*, 551 U.S. 449, 469 (2007) ("*WRTL-II*"). The Supreme Court explained:

> To safeguard this liberty, the proper standard . . . must be objective . . . [i]t must entail minimal if any discovery, . . . [a]nd it must eschew the open-ended rough-and-tumble of factors, which invit[es] complex argument in a trial court and a virtually inevitable appeal. In short, it must give the benefit of any doubt to protecting rather than stifling speech.

*Id.* (internal citations and quotations omitted).

Consolidation in this case safeguards the values the Supreme Court expressed in *WRTL-II*. It ensures that any inquiry is objective and avoids the unnecessary discovery and complex litigation that inevitably lead to appeal. Consolidation will therefore help ensure that the First Amendment's mandate that Congress "make no law . . . abridging the freedom of speech" is fully protected. *See* U.S. Const. amend. I.

## II. Consolidation is Warranted Because the Same Facts Would be Presented At Trial.

The drafters of Rule 65(a)(2) noted that consolidation "can be exercised with particular profit when it appears that a substantial part of the evidence offered on the application [for a preliminary injunction] will be relevant to the merits." Fed. R. Civ. P. 65(a)(2) (1966 advisory committee's note); *see also SEC*, 59 F.R.D. at 114 (noting application of the consolidation rule). *See also Western Dist. Council of Lumber Prod. and Indus. Workers v. Louisiana Pac. Corp.*, 892 F.2d 1412, 1414 (9th Cir. 1989) (ruling that consolidation is appropriate when the resulting record would be sufficiently complete to warrant a judgement on the merits).

Here, the Plaintiffs will present the same facts at any hearing on the merits as they will at a preliminary-injunction hearing. So will the Defendants. "[T]he burdens at the preliminary injunction stage track the burdens at trial." *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006). At both the preliminary injunction stage and the trial on the merits, the Defendants must prove that its regulation of political speech is appropriately tailored to a constitution-

ally cognizable interest. *See Gonzales*, 546 U.S. at 428 (*citing Ashcroft v. ACLU*, 542 U.S. 656, 666 (2004)); *see also Citizens United v. FEC*, 130 S.Ct. 876, 898 (2010) (burden is on the government to substantiate its regulation under strict scrutiny); *Nixon v. Shrink Mo. Gov't PAC*, 528 U.S. 377, 387–88 (2000) (same, under intermediate scrutiny).

If the Defendants cannot meet their burden at the preliminary injunction stage, they will not be able to meet it at trial either. The State cannot reasonably need time to "discover" the interest for their regulation. Either it has a constitutionally permissible interest to which their regulation is appropriately tailored, or they do not. Nor does the State have any interest in the discovery of facts relating to the reasons the Plaintiffs wish to engage in political speech. The Plaintiffs' subjective motives for their communications has no bearing on whether they have the right to make the communications. *WRTL-II*, 551 U.S. at 469. When discovery is unnecessary (or after it is concluded), "consolidation may serve the interests of justice." *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.*, 464 F.2d 1055, 1057 (7th Cir. 1972).

The only legitimate inquiry is (1) whether the Plaintiffs want to

engage in protected First Amendment activity; (2) whether the law prevents them from doing so; and (3) if so, whether the State's regulation passes constitutional scrutiny. No facts, beyond those pled in the Verified Complaint, are necessary to answer those questions and decide this case.

The Court will have the same facts and contentions before it and will undergo the same analysis at the preliminary injunction hearing as it would at the trial on the merits. Consolidation will therefore preserve judicial time and effort by avoiding duplicative hearings.

### III. Consolidation Serves Valuable Public Policy Considerations.

Consolidation is also appropriate when it serves valuable public policy considerations by preserving judicial resources and saving the parties from duplication of efforts. *Campaign for Family Farms*, 200 F.3d at 1185. Here, consolidation ensures an expeditious resolution of the Plaintiffs' claims and avoids the chilling effect of burdensome litigation. *WRTL-II*, 551 U.S. at 469 (First Amendment disputes must be resolved quickly to avoid chilling effect of burdensome litigation). Consolidation permits the parties a full opportunity to be heard on the

merits in an expedited manner and will not deprive Defendants of their right to notice and a full and fair opportunity to be heard.

## Conclusion

The Plaintiffs respectfully request that the Court grant their motion to consolidate because the case presents purely legal questions that can and should be answered at the preliminary injunction stage, because consolidation will avoid the repetitious presentation of evidence, and because consolidation serves valuable public policy considerations.

| | |
|---|---|
| August 27, 2010 | Respectfully submitted, |
| | /s/ James Hochberg |
| James Bopp, Jr.,* | James Hochberg |
| Ind. No. 2838-84 | Hawaii No. 3686 |
| jboppjr@aol.com | JAMES HOCHBERG, |
| Randy Elf,* | ATTORNEY AT LAW |
| N. Y. No. 2863553 | Topa Financial Center |
| relf@bopplaw.com | Suite 1450, Fort Street Tower |
| Joe La Rue,* | 745 Fort Street Mall |
| Ohio No. 80643 | Honolulu, Hawaii 96813 |
| jlarue@bopplaw.com | Telephone (808) 534-1514 |
| BOPP, COLESON & BOSTROM | Facsimile (808) 538-3075 |
| 1 South Sixth Street | jim@JamesHochbergLaw.com |
| Terre Haute, Ind. 47803 | *Local Counsel for Plaintiffs* |
| Telephone (812) 232-2434 | *Jimmy Yamada,* |
| Facsimile (812) 235-3685 | *Russell Stewart, and* |
| *Lead Counsel for Plaintiffs* | *A-1 A-Lectrician, Inc.* |
| *Jimmy Yamada,* | |
| *Russell Stewart, and* | |
| *A-1 A-Lectrician, Inc.* | |

* Not yet admitted to practice in this Court. Pro hac vice application made August 27, 2010.