IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JIMMY YAMADA, ET AL.,      )   CIVIL NO. 10-00497 JMS-RLP
                                    )
          Plaintiffs,  )   FINDINGS AND RECOMMENDATION TO
                                      )   GRANT IN PART AND DENY IN PART
        vs.               )   PLAINTIFFS' MOTION FOR
                                      )   ATTORNEYS' FEES AND COSTS
MICHAEL WEAVER, IN HIS      )
OFFICIAL CAPACITY AS CHAIR  )
AND MEMBER OF THE HAWAII    )
CAMPAIGN SPENDING COMMISSION, )
ET AL.,                   )
                                      )
          Defendants.  )
                                      )
_____ )

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS[1]

       Before the Court is Plaintiffs' Motion for Attorneys'

Fees and Costs ("Motion") filed on May 21, 2012. ECF No. 165.

Plaintiffs request an award of $197,398.48 in attorneys' fees and

costs. Defendants filed a Memorandum in Opposition to the Motion

on July 16, 2012. ECF No. 171. Plaintiffs filed their Reply on

August 20, 2012. ECF No. 175. The Court found this matter

suitable for disposition without a hearing. ECF No. 166. After

carefully reviewing the parties' submissions and the relevant

legal authority, the Court FINDS and RECOMMENDS that Plaintiffs'

<hr />

     [1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court. A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation. If no
objections are filed, no appellate review will be allowed.

Motion be GRANTED IN PART AND DENIED IN PART.

Plaintiffs filed this civil rights action challenging the constitutionality of several Hawaii campaign finance laws. Specifically, Plaintiffs sought declaratory and injunctive relief from five specific provisions. Plaintiffs also requested a preliminary injunction. The court granted Plaintiffs' requested preliminary injunction in part and denied it in part. See Yamada v. Kuramoto, 744 F. Supp. 2d 1075 (D. Haw. 2010) ("Yamada I"), ECF No. 71; and Yamada v. Kuramoto, 2010 WL 4603936 (D. Haw. Oct. 29, 2010) ("Yamada II"), ECF No. 91. The court preliminarily enjoined the enforcement of Hawaii Revised Statute section 11-358 (restrictions on contributions to noncandidate committees), but denied preliminary injunction as to Plaintiffs' remaining claims. Yamada I, 744 F. Supp. 2d at 1087, ECF No. 71 at 25; Yamada II, 2010 WL 4603936, at *20, ECF No. 91 at 49-50. Defendants appealed the preliminary injunction. After full briefing, Defendants-Appellants filed a motion to voluntarily dismiss their appeal, which was granted. See Ex. 1 to Decl. of Charleen M. Aina in Support of Opp.

On March 21, 2012, the court permanently enjoined Defendants from enforcing section 11-358 (restrictions on

---

[2] The complete factual and procedural background of this case is set forth in the court's March 21, 2012 order. ECF No. 149.

contributions to noncandidate committees).  The court denied

Plaintiffs' request as to the other four challenged provisions

upholding those statutes as constitutionally valid.  <u>Yamada v.</u>

<u>Weaver</u>, No. 10-00497, 2012 WL 983559, at *33 (D. Haw. Mar. 21,

2012).  The instant Motion followed.

DISCUSSION

Under 42 U.S.C. § 1988 the court is authorized to award

reasonable attorneys' fees to "the prevailing party" in civil

rights litigation.

I.   <u>Prevailing Party Status</u>

The parties agree that Plaintiffs are prevailing

parties for purposes of section 1988.  Mem. in Supp. of Mot. at

5; Opp. at 13.  Both parties also agree that Plaintiffs only

obtained partial success, which is addressed below in the section

regarding the reasonable hours spent.

II.  <u>Calculation of Attorneys' Fees</u>

A reasonable fee is determined by multiplying "the

number of hours reasonably expended on the litigation" by "a

reasonable hourly rate."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433

(1983).  Once calculated, the lodestar amount is presumptively

reasonable.  <u>See</u> <u>Penn. v. Del. Valley Citizens' Council for Clean</u>

<u>Air</u>, 483 U.S. 711, 728 (1987).  However, a court may decide to

adjust the lodestar figure based on an evaluation of several

factors:  the time and labor required, the preclusion of other

3

employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischer v. SJB-P.D., Inc ., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000); Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996); Davis v. City & Cnty. of SF, 967 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).

Plaintiffs request attorneys' fees in the amount of $129,427.00 for work performed by the Bopp Law Firm in the litigation. See Reply at 20. Plaintiffs did not provide a breakdown of the hours requested by each attorney in the Bopp Law Firm. The calculation below is based on the Court's review of the voluminous billing records provided. Although there is a $4.00 difference between the total requested by Plaintiffs for the Bopp Law Firm in their Motion and the total arrived at based on a calculation using the hours requested by each attorney from the billing records, the Court finds that the difference is not significant for purposes of this Motion.

| THE BOPP LAW FIRM | HOURS | RATE | TOTAL |
|-------------------|-------|------|-------|
| James Bopp, Jr. | 0.3 | $600.00 | $180.00 |
| Richard E. Coleson | 1.2 | $400.00 | $480.00 |
| Randy Elf | 325.4 | $350.00 | $113,890.00 |

4

| | | | |
|---|---|---|---|
| Jeffrey P. Gallant | 19.8 | $300.00 | $5,940.00 |
| Joseph E. LaRue | 19.5 | $200.00 | $3,900.00 |
| Zachary S. Kester | 2.0 | $150.00 | $300.00 |
| Elizabeth M. Kosel | 13.3 | $135.00 | $1,795.50 |
| Austin Hepworth | 12.7<br>10.0 | $125.00<br>$135.00 | $1,587.50<br>$1,350.00 |
| **TOTAL** | | | **$129,423.00** |

Plaintiffs request $56,507.94 for work performed by local counsel in the litigation. Reply at 20. Mr. Hochberg did provide a breakdown of the hours billed by himself and the paralegal at his firm. See Aff. of James Hochberg in Supp. of Pls.' Mot. ("Hochberg Aff.") ¶ 11. However, when the total is calculated based on the breakdown of hours provided and the hourly rate requested, that total does not match the total requested by Plaintiffs in their Motion. The Court finds that the $129.90 difference is not significant for purposes of this Motion.

| **JAMES HOCHBERG,<br>ATTORNEY AT LAW** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| James Hochberg | 121.25 | $400.00 | $48,500.00 |
| Lajuanna Zier (paralegal) | 55.95 | $100.00 | $5,595.00 |
| *Hawaii General Excise Tax* | | 4.712% | $2,548.96 |
| **TOTAL** | | | **$56,643.96** |

Finally, in their Reply, Plaintiffs request additional attorneys' fees of $7,335.00 for the Bopp Law Firm's continued work on the present Motion. Reply at 20; Supplemental Decl. of

James Bopp, Jr. in Supp. of Mot. ("Supplemental Bopp Decl.") ¶ 5, Ex. D.

| THE BOPP LAW FIRM | HOURS | RATE | TOTAL |
|---|---|---|---|
| Randy Elf | 1.5 | $350.00 | $525.00 |
| Jeffrey P. Gallant | 22.7 | $300.00 | $6,810.00 |
| **TOTAL** | | | **$7,335.00** |

A.   Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), *as amended on denial of reh'g*, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable. See Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987). In support of the hourly rates requested, Plaintiffs submitted the declaration of Marie N. Milks, a retired Hawaii state judge retained by Plaintiffs "to determine the reasonable range of market rates in Honolulu for attorneys fees in [this] matter." Decl. of Marie N. Milks ("Milks Decl.") ¶¶ 2, 5.

6

### a. Mr. Bopp's Requested Hourly Rate

As discussed below, the Court declines to grant fees for the work performed by Mr. Bopp on the preliminary injunction appeal to the Ninth Circuit. Accordingly, the Court need not determine the reasonable hourly rate for Mr. Bopp.

### b. A Reasonable Hourly Rate for Mr. Coleson is $300.

Mr. Coleson has twenty-five years of experience. Decl. of James Bopp, Jr. in Supp. of Mot. ("Bopp Decl.") ¶ 11. Plaintiffs request a rate of $400 per hour for the work performed by Mr. Coleson. Id. Retired Judge Milks' declaration states that the reasonable range of compensation for attorneys with more than twenty years experience is between $350 and $475 per hour. Milks Decl. ¶ 10. Based on a review of the rates generally awarded for attorneys with comparable experience in this community, the Court finds that the requested rate is excessive and a rate of $300 is reasonable for Mr. Coleson. See e.g., Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., Civ. No. 09-00429 ACK-KSC, 2012 WL 2529298, at *11 (D. Haw. Jun. 28, 2012) (finding that $280 an hour was for an attorney with twenty-nine years experience).

### c. A Reasonable Hourly Rate for Mr. Elf is $250.

Mr. Elf has fourteen years of experience. Bopp Decl. ¶ 6. Plaintiffs request a rate of $350 per hour for the work performed by Mr. Elf. Id. Retired Judge Milks' declaration

states that the reasonable range of compensation for attorneys with ten to twenty years experience is between $250 and $350 per hour. Milks Decl. ¶ 10. The Court finds the rate requested to be excessive in light of the hourly rates for attorneys with similar skill and experience in this community. _See_, _e.g._, _Seven Signatures General P'ship v. Irongate Azrep BW LLC_, Civil No. 11-00500 JMS-RLP, 2012 WL 1656972, at *9 (D. Haw. May 9, 2012) (finding that $250 per hour was reasonable for an attorney with twenty years experience). The Court finds that $250 is a reasonable hourly rate for Mr. Elf.

### d. A Reasonable Hourly Rate for Mr. Gallant is $225.

Mr. Gallant has eleven years of experience. Bopp Decl. ¶ 11. Plaintiffs request a rate of $300 per hour for the work performed by Mr. Gallant. _Id._ As noted above, Retired Judge Milks' declaration states that the reasonable range of compensation for attorneys with ten to twenty years experience is between $250 and $350 per hour. Milks Decl. ¶ 10. Based on a review of the rates generally awarded for attorneys with comparable experience in this community, the Court finds the requested rate to be excessive. _See_, _e.g._, _McMillon v. State of Hawaii_, Civil No. 08-00578 LEK, 2011 WL 744900, at *6 (D. Haw. Feb. 22, 2011) (finding that $210 per hour is reasonable for an attorney with ten years experience). The Court finds that $225 is a reasonable hourly rate for Mr. Gallant.

**e. A Reasonable Hourly Rate for Mr. LaRue is $150.**

Mr. LaRue was admitted to the bar in 2006.  Bopp Decl. ¶ 11.  Plaintiffs request a rate of $200 per hour for the work performed by Mr. LaRue.  <u>Id.</u>  Retired Judge Milks' declaration states that the reasonable range of compensation for attorneys with similar experience is between $125 and $175 per hour.  Milks Decl. ¶ 10.  Based on a review of the rates generally awarded for attorneys with comparable experience in this community, the Court finds that the rate requested is excessive and $150 is a reasonable rate for Mr. LaRue.  <u>See</u>, <u>e.g.</u>, <u>Donkerbrook v. Title Guar. Escrow Servs., Inc.</u>, Civil No. 10-00616 LEK-RLP, 2011 WL 3649539, at *8 (D. Haw. Aug. 18, 2011) (finding that $150 per hour is reasonable for attorneys with more than four years experience).

**f. A Reasonable Hourly Rate for Mr. Kester, Ms. Kosel, and Mr. Hepworth is $125.**

Mr. Kester was admitted to the bar in 2009.  Ex. B to Bopp Decl. at 6.  Plaintiffs request a rate of $150 per hour for Mr. Kester.  Bopp Decl. ¶ 11.  Ms. Kosel and Mr. Hepworth were both admitted to the bar in 2010.  Ex. B to Bopp Decl. at 6.  Plaintiffs request a rate of $135 for Ms. Kosel and $125-$135 for Mr. Hepworth.  Bopp Decl. ¶ 11.  Retired Judge Milks' declaration states that the reasonable range of compensation for attorneys with similar experience is between $125 and $175 per hour.  Milks

Decl. ¶¶ 10-11.  Based on a review of the rates generally awarded for attorneys with comparable experience in this community, the Court finds the rates requested to be excessive and that $125 per hour is reasonable.  See, e.g., Shea v. Kahuku Hous. Found., Inc., Civil No. 09-00480 LEK-RLP, 2011 WL 1261150, at *7 (D. Haw. Mar. 31, 2011) (finding that $125 per hour is reasonable for an attorney with three years experience).

### h.  A Reasonable Hourly Rate for Mr. Hochberg is $300.

Mr. Hochberg has over twenty-eight years of experience.  Hochberg Aff. ¶ 5.  Plaintiffs request a rate of $400 per hour for the work performed by Mr. Hochberg.  Id. ¶ 10.  Retired Judge Milks' declaration states that the reasonable range of compensation for attorneys with more than twenty years experience is between $350 and $475 per hour.  Milks Decl. ¶ 10.  Based on a review of the rates for attorneys with comparable experience and Mr. Hochberg's role in this case, the Court finds that the requested rate is excessive and a rate of $300 is reasonable.  See e.g., Painsolvers, 2012 WL 2529298, at *11.

### i.  A Reasonable Hourly Rate for Ms. Zier is $85.

Ms. Zier has approximately twenty-six years experience working as a legal assistant and paralegal.  Hochberg Aff. ¶ 5.  Retired Judge Milks' declaration states that the reasonable range of compensation for paralegals is between $75 and $125 per hour.  Milks Decl. ¶ 11.  Based on awards in prior cases for paralegals

with lengthy experience, the Court find the requested $100 per hour rate to be excessive.  See, e.g., Diamond Resort Haw. Corp. v. Bay West Kailua Bay, LLC, CV No. 10-00117 DAE BMK, 2011 WL 5079580, at *1 (D. Haw. Oct. 25, 2011)(finding a reasonable hourly rate for paralegals was $85), adopted by, 2011 WL 5520935 (D. Haw. Nov. 14, 2011); Ko Olina Dev., LLC v. Centex Homes, Civil No. 09-00272 DAE-LEK, 2011 WL 1235548, at *10-*11 (D. Haw. Mar. 29, 2011) (same).  The Court finds that $85 is a reasonable hourly rate for Ms. Zier.

### B.  Reasonable Hours Spent

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  The prevailing party bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993)(citations omitted).  The opposing party then has the burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the hours charged.  Gates, 987 F.2d at 1397-98. The court is required to explain how it made its fee determination in a comprehensible, but not elaborate, fashion. Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir.

2008); see also Hensley, 461 U.S. at 437 (stating that the court's explanation may be "concise," but must also be "clear").

1. **Plaintiffs' Requested Fees Must Be Reduced to Account for Plaintiff's Partial Success.**

Where the plaintiff prevails on some claims or obtains only partial success in obtaining limited relief, a downward adjustment to the fees awarded may be warranted. See Hensley, 461 U.S. at 436. Plaintiffs concede that they were only partially successful. Mem. in Supp. of Mot. at 5, 10-11. Plaintiffs also concede that their one successful claim was unrelated to the other four claims in this action. Id. at 11. Accordingly, "no fees should be awarded for work done on the losing claims." Outdoor Sys., Inc. v. City of Mesa, 997 F.2d 604, 619 (9th Cir. 1993).

a. **Time Entries Regarding Claims That Plaintiffs Lost**

Defendants challenge many time entries that Defendants contend reference claims that Plaintiffs lost or reference issues that are relevant only to claims that Plaintiffs lost. Opp. at 14-21. First, Defendants challenge several time entries that indicate "no charge" on the time records related to claims that Plaintiffs lost, but for which fees are requested. See Opp. at 19 and Ex. 15 to Decl. of Deirdre Marie-Iha ("Marie-Iha Decl.") at Chart A. Plaintiffs conceded that these entries should be deducted from the attorneys' fees requested. Reply at 12 n.13.

12

In addition to the hours identified by Defendants, the Court also notes that an additional 1.70 hours of Mr. Elf's time from September 18, 2010, was noted as "no charge" but was included in the fee request. The Court deducts 9.70 hours from Mr. Elf's time. <u>See</u> Ex. C to Bopp Decl. at 10, 18, 19, and 29.

Second, Defendants assert that many time entries refer to issues that were only relevant to claims that Plaintiffs lost, including Plaintiffs' failed motion to consolidate the preliminary injunction proceedings with the merits. <u>See</u> Opp. at 15-17, 20-21, Ex. 15 to Marie-Iha Decl. at Chart A, Chart B, Chart C, Chart F, and Chart G. Plaintiffs concede that 8.0 hours of this time should be deducted (Reply at 12 n.13), but do not provide any response to the other specific time entries called into question by Defendants. <u>See</u> Reply at 12, 14. After carefully reviewing the time entries in question, the Court finds that these entries were related to claims that Plaintiffs lost and are not compensable. Accordingly, the Court deducts the following time from the fees requested: 29.7 hours for work done by Mr. Elf; 5.1 hours for work done by Mr. LaRue; 1.3 hours for work done by Mr. Hepworth; 3.9 hours for work done by Ms. Kosel; 1.1 hours for work done by Mr. Coleson; 13.05 hours for work done by Mr. Hochberg; and 0.5 hours for work done by Ms. Zier. <u>See</u> Ex. C to Bopp Decl. at 6, 13-16, 25, 27-43, 50, 53, 55; Ex. B to

Hochberg Aff. at 2-3, 6-10, 12, 14, 16, 18, 21-23.[3]

**b. Time Entries for General Tasks That Were Not Reduced To Account for Plaintiffs' Partial Success**

Defendants contend that numerous time entries apply to tasks performed for the benefit of the entire case, but do not take into account any reduction for Plaintiffs' partial success. Opp. at 18-21, Ex. 15 to Marie-Iha Decl. at Chart D, Chart H. Defendants assert that there is no discernable pattern in Plaintiffs' choices to reduce some hours, but not the entries for these general tasks. Id. at 19-20. Defendants argue that Plaintiffs should only be able to recover one-fifth of the time billed for these entries because Plaintiffs only prevailed on one of their five claims. Opp. at 18. Plaintiffs contend they are entitled to compensation for expenses that they would have incurred if their suit had been confined to the ground on which they prevailed. Reply at 12 (citing Ustrak v. Fairman, 851 F.2d 983, 988 (7th Cir. 1988)). Plaintiffs assert that they would have incurred all of the time charged for these general tasks even if their lawsuit was confined to the one claim on which they prevailed. Id. at 13.

The Court disagrees. As held in the case cited by

---

[3] Here and throughout, all of the Court's deductions take into account time entries that are disallowed elsewhere in this decision so that there is not a duplicative reduction in time requested by Plaintiffs.

14

Plaintiffs, although no exact calculation is possible, a reduction is required to account for Plaintiffs' unsuccessful claims even on work performed for the case as a whole. <u>See</u> <u>Ustrack</u>, 851 F.2d at 989 (reducing all of the fees requested by fifty percent to account for plaintiff's partial success). The Court does agrees with Plaintiffs that these general tasks would not have been reduced by four-fifths as suggested by Defendants if Plaintiffs had only proceeded on their one successful claim. Based on a careful review of the time entries and accounting for Plaintiffs' limited success in this litigation, the Court finds that a reduction of one-half of the fees requested for these general tasks is appropriate. Accordingly, the Court deducts the following hours from the fees requested: 33.0 hours for work by Mr. Elf; 1.9 hours for work by Mr. LaRue; 4.1 hours for work by Mr. Hepworth; 3.8 hours for work by Ms. Kosel; 11.05 hours for work by Mr. Hochberg; and 5.3 hours for work by Ms. Zier. <u>See</u> Ex. C to Bopp Decl. at 4-8, 12-14, 16-20, 22-24, 26-39, 48, 50-52; Ex. B to Hochberg Aff. at 2-8, 12-13, 17-24.

**c.  Time Entries That Do Not Take A Sufficient Reduction for Plaintiffs' Partial Success**

Even for those entries where Plaintiffs did reduce the fees requested to take into account Plaintiffs' partial success, Defendants assert that the reductions taken were not enough. Opp. at 19, Ex. 15 to Marie-Iha Decl. at Chart E.  As noted

above, Defendants assert that Plaintiffs should only be allowed to recover one-fifth of the time spent on general tasks.  Opp. at 18-19.  In many instances Plaintiffs did not reduce the fees requested to one-fifth of those spent, but instead used a different factor without explanation.  Plaintiffs contend that specific reductions were taken for these time entries to account for partial success based on counsel's review of the relevant filings and the space apportioned to the successful claim.  Reply at 12 n.14.  Based on Plaintiffs' explanation of the reductions taken as well as a review of the entries at issue, the Court finds that no additional reductions for this category of fees is appropriate.

**2.  <u>Plaintiffs Cannot Recover for Fees Related to the Preliminary Injunction Appeal.</u>**

Defendants argue that the Court lacks authority to award fees requested by Plaintiffs for work on the preliminary injunction appeal.  Opp. at 25-27.  The Ninth Circuit has held that "appellate fees requested pursuant to 42 U.S.C. § 1988 must be filed with the Clerk of the Ninth Circuit in the first instance, not with the district court."  <u>Natural Res. Def. Council, Inc. v. Winter</u>, 543 F.3d 1152, 1164 (9th Cir. 2008) ("<u>Winter</u>")(citing <u>Cummings v. Connell</u>, 402 F.3d 936, 940 (9th Cir. 2005)).  Here, Plaintiffs did not request fees for the appeal from the Ninth Circuit.  Plaintiffs assert that they were

not the prevailing parties for purposes of section 1988 at the close of the appeal and, therefore, were not able to present their request to the Ninth Circuit in the first instance. Reply at 2-3.

The Court is not persuaded by Plaintiffs' argument. In Winter, the Ninth Circuit considered whether the district court properly awarded attorneys' fees to the plaintiffs for an appeal of a temporary restraining order that was voluntarily dismissed prior to a ruling on the merits. Winter, 543 F.3d at 1155. The plaintiffs in that action were the prevailing party for purposes of awarding fees. Id. at 1157. Similarly, Plaintiffs are the prevailing parties on appeal because Defendants voluntarily dismissed their appeal of the preliminary injunction order prior to a decision on the merits by the Ninth Circuit. That preliminary injunction order addressed the precise relief that Plaintiffs' ultimately obtained in this litigation. See Watson v. Cnty. of Riverside, 300 F.3d 1092, 1095-96 (9th Cir. 2002). As Defendants note, the Ninth Circuit has held that "appellate fees requested pursuant to 42 U.S.C. § 1988 must be filed with the Clerk of the Ninth Circuit in the first instance." See Cummings, 402 F.3d at 940. Accordingly, the Court deducts the following fees from Plaintiffs' request: 8.5 hours of work by Mr. Hempworth; 0.5 hours of work by Mr. LaRue; 0.3 hours of work by Mr. Bopp; 63.7 hours of work by Mr. Elf; and 5.7 hours of work

by Mr. Hochberg.  See Ex. C to Bopp Decl. at 55, 57-64; Ex. B to
Hochberg Aff. at 15, 17-19.

### 3.    Plaintiffs May Recover For Reasonable Work
### Performed After Defendants' Proposed Stipulation.

Defendants argue that the Court should decline to grant
any fees requested after October 18, 2011, the day that
Defendants offered its proposed stipulation regarding the one
count on which Plaintiffs ultimately prevailed.  Opp. at 21-24.
Defendants argue that no fees should be awarded after that date
even though Defendants did not make a formal offer of judgment
under Rule 68.  Id. at 23.

The Court does not agree with Defendants' argument that
all fees after the date of the offer should be declined.
Defendants had the opportunity to make a formal offer of judgment
pursuant to Rule 68, but declined to do so.  However, in light of
the proposed stipulation and the ultimate relief obtained by
Plaintiffs on the one claim, the Court finds that the time spent
by Plaintiffs' counsel on the reply brief in support of the
summary judgment motion and was excessive and unnecessary.  See
Ex. C to Bopp Decl. at 40-48.  Accordingly, the Court deducts
38.0 hours for work performed by Mr. Elf and 8.5 hours of work by
Mr. Hochberg.  See Ex. C to Bopp Decl. at 40-48; Ex. B to
Hochberg Aff. at 23-24.

Additionally, the Court finds that the 30.0 hours

requested for preparing for the summary judgment hearing and traveling to and from the summary judgment hearing is excessive in light of Plaintiffs' limited success and the time spent at the hearing on the one successful claim and deducts 20.0 hours of work by Mr. Elf. See Ex. C to Bopp Decl. at 53.

**4.** **Plaintiffs Cannot Recover For Time Not Expended on This Litigation.**

"The time that is compensable under § 1988 is that 'reasonably expended *on the litigation*.'" Webb v. Bd. of Educ. of Dyer Cnty., Tenn., 471 U.S. 234, 242 (emphasis in original) (quoting Hensley, 461 U.S. at 433)). Defendants argue that Plaintiffs cannot recover for fees related to time spent meeting with or soliciting potential plaintiffs. Opp. at 30 (citing American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 435 (11th Cir. 1999)); Ex. 15 to Marie-Iha Decl. at Chart K. Plaintiffs assert that the time requested is recoverable because it involved development of the case with Plaintiffs. Reply at 16-17. The Court agrees that time spent communicating with the named plaintiffs and developing the theory of the case is compensable. See Webb, 471 U.S. at 243. However, the time entries that include meetings or correspondence with individuals who are not parties to this litigation or entries that specifically reference "potential clients" are not compensable because that work was not expended *on this litigation*.

Accordingly, the Court deducts the following hours from fees requested: 0.7 hours for work by Mr. Kester; 2.2 hours for work by Mr. LaRue; 6.5 hours for work by Mr. Elf; and 3.4 hours for work by Mr. Hochberg.  See Ex. C to Bopp Decl. at 1-4; Ex. B to Hochberg Aff. at 1-2.

Defendants also challenge several time entries by Mr. Hochberg that relate to advice Mr. Hochberg gave to individuals or organizations that were not his clients, or time related to press coverage.  See Opp. at 20-21; Ex. B to Hochberg Aff. at 5, 14-18.  The Court finds that these entries are not compensable for this litigation and deducts 1.5 hours of work by Mr. Hochberg.

**5.  Plaintiffs Cannot Recover For Time Entries that Contain Insufficient Information, Are Duplicative, or Excessive.**

**a.  Insufficient Information**

First, Defendants challenge the level of information provided in several of Plaintiffs' counsel's time entries.  Opp. at 31-33; Ex. 15 to Marie-Iha Decl. at Chart M.  Defendants contend that many entries do not contain enough information to allow the court to determine the reasonableness of the hours expended.  Id. at 31.  Plaintiffs assert that "when viewed in context of the surrounding entries," the challenged time entries are "readily understandable."  Reply at 18.

The party seeking an award of fees "must describe

adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." LR54.3(d)(2). Local Rule 54.3(d)(2) requires that "entries for legal research must include an identification of the specific issue researched." LR 54.3(d)(2). Plaintiffs fail to provide this required information in several instances. <u>See</u> Ex. C to Bopp Decl. at 1-3. The Court deducts 2.2 hours of Mr. Elf's time and 4.3 hours of Mr. LaRue's time from the fees requested.

Local Rule 54.3(d)(2) also requires that "time entries for telephone conferences must include an identification of all participants and the reason for the call." LR54.3(d)(2). Plaintiffs' counsel does not provide that information in several instances. <u>See</u> Ex. C to Bopp Decl. at 4, 8, 24-25, 50; Ex. B to Hochberg Aff. at 1-2, 12, 15, 19. The Court deducts 2.8 hours of work by Mr. Elf; 0.3 hours of work by Mr. LaRue; 4.3 hours of work by Mr. Hochberg; 0.35 hours of work by Ms. Zier.

Finally, the Court deducts 2.9 hours of work by Ms. Zier because the "work on" this case descriptions provided are insufficient for purposes of determining whether the work was reasonable. <u>See</u> Ex. B to Hochberg Aff. at 10-12, 15; LR 54.3(d)(2) ("entries describing the preparation of pleadings and other papers must include an identification of the pleading or other document prepared and the activities associated with such preparation.").

### b. **Duplicative Billing**

Second, Defendants challenge the several entries that they contend are duplicative. Opp. at 31; Ex. 15 to Marie-Iha Decl. at Chart P. Plaintiffs assert that local counsel was required to meaningfully participate in this action, so many of the challenged time entries were necessary. Reply at 18.

As a general rule, the Court does not permit more than one attorney to bill for attending: (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with opposing counsel. <u>Ko Olina</u>, 2011 WL 1235548, at *12 (quoting <u>Nat'l Comm'n for Certification of Crane Operators v. Ventula</u>, Civ. No. 09-00104 SOM-LEK, 2010 WL 2179505, at *5 (D. Haw. Apr. 30, 2010)). In such situations, the Court typically deducts the time spent by the lowest-billing attorney. <u>Id.</u> Accordingly the Court deducts 0.4 hours of Mr. Hepworth's time for a conference that was also billed by Mr. Elf. <u>See</u> Ex. C to Bopp Decl. at 16.

Defendants also challenge many entries by local counsel for this action. <u>See</u> Ex. 15 to Marie-Iha Decl. at Chart P. Local Rule 83.1(e) requires local counsel to "participate in all court proceedings, unless otherwise ordered by the court." LR83.1(e). The Court will not deduct any time for Mr. Hochberg's participation in or preparation for court proceedings. However, the Court will deduct Ms. Zier's and Mr. Hochberg's time entries for conference calls with the Bopp Law Firm that were also billed

by Mr. Elf.  See Ex B to Hochberg Aff. at 11-12, 14, 25.  The
Court deducts 0.8 hours of work by Ms. Zier and 1.8 hours of work
by Mr. Hochberg.

### c. Excessive Time Entries

Third, Defendants assert that the some of the time that
Plaintiffs' counsel spent on various tasks was excessive or
unreasonable.  Opp. at 32; Ex. 15 to Marie-Iha Decl. at Chart L.
Plaintiffs do not specifically address these entries in their
Reply.  See Reply at 18.  Two of the entries challenged are for
hours billed by Mr. Elf for travel to and from, preparing for,
and attending the preliminary injunction hearing.  See Ex. 15 to
Marie-Iha Decl. at Chart L; Ex. C to Bopp Decl. at 52.  Mr.
Bopp's declaration in support of the fee request explains that
"the attorneys in my firm bill a standard 10 hours per day when
they are out of town for a case, regardless of whether they are
actually in transit on those days."  Bopp Decl. ¶ 15.  Mr. Bopp
states that because actual work time "typically exceeds 12 hours
or more" this standard charge is actually a "sizeable
undercharge."  Id.  Although the Court agrees that appropriate
time should be allowed for travel, the Court finds that the 20.0
hours requested related to travel for the preliminary injunction
hearing is excessive given Plaintiffs' limited success.  See Ex.
C to Bopp Decl. at 52.  Accordingly, the Court deducts 15.0 hours
of Mr. Elf's time.

The Court has also carefully reviewed the time entries related to the present Motion and finds that the 42.1 hours requested are excessive, especially the time spent preparing Plaintiffs' Reply. See Ex. C to Bopp Decl. at 55, 68-69; Ex. D to Supplemental Bopp Decl. at 1-2. Accordingly, the Court deducts 10.0 hours of Mr. Gallant's time related to the preparation of the instant Motion.

The Court has reviewed the other time entries challenged by Defendants and finds that the time requested is not excessive.

**6. Plaintiffs Cannot Recover Attorneys' Fees For Clerical Tasks.**

Defendants ask the Court to deduct the time that Plaintiffs' counsel spent on clerical tasks. See Ex. 15 to Marie-Iha Decl. at Chart N. Plaintiffs argue that they have made a good faith effort to deduct any time spent on purely clerical tasks and assert that no further reductions should be taken. Reply at 17.

Clerical costs are part of an attorney's overhead and are reflected in the charged hourly rate. Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). Communications with the court and reviewing notices regarding hearings and

deadlines are clerical and not compensable.  See, e.g., Nicholas
M. ex rel. Laura M. v. Dep't of Educ., Haw., Civ. No. 09-00162
HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010).  In
addition to communications with the court, many of the entries at
issue state that the attorney or paralegal worked on the table of
authorities for various filings, gathered materials, packed
materials, printed, emailed, faxed, or filed documents.  See Ex.
C to Bopp Decl. at 5-6, 15, 17-18, 23, 28, 41, 43, 45, 50-53; Ex.
B to Hochberg Aff. at 3-6, 8-13, 19-25.  After careful review of
the time entries at issue, the Court finds that many of these
tasks were clerical in nature and fees should not be awarded for
the time spent on those tasks.  Accordingly, the Court deducts
the following time:  16.2 hours for work by Mr. Elf; 0.1 hours
for work by Mr. LaRue; 3.55 hours for work by Mr. Hepworth; 0.4
hours for work by Ms. Kosel; 4.0 hours for work by Mr. Hochberg;
and 25.6 hours for work by Ms. Zier.  See id.

     As detailed above, the Court finds that the following
rates and hours are reasonable:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| James Bopp, Jr. | --[4] | -- | -- |
| Richard E. Coleson | 0.1[5] | $300.00 | $30.00 |

---

[4] 0.3 requested - 0.3 for work on appeal = 0.0

[5] 1.2 requested - 1.1 for claims Plaintiffs lost = 0.1

| Randy Elf | 90.1[6] | $250.00 | $22,525.00 |
| Jeffrey P. Gallant | 31.8[7] | $225.00 | $7,155.00 |
| Joseph E. LaRue | 5.1[8] | $150.00 | $765.00 |
| Zachary S. Kester | 0.3[9] | $125.00 | $37.50 |
| Elizabeth M. Kosel | 5.2[10] | $125.00 | $650.00 |
| Austin Hepworth | 4.85[11] | $125.00 | $606.25 |
| James Hochberg | 67.95[12] | $300.00 | $20,385.00 |

[6] 325.4 requested for work on litigation + 1.5 requested for work on Motion – 9.7 for "no charge" time – 29.7 for claims Plaintiffs lost – 33.0 for partial success – 63.7 for work on appeal – 38.0 for work after proposed stipulation – 20.0 for summary judgment hearing – 6.5 for work regarding potential clients – 2.2 for unspecified research – 2.8 for unspecified conference calls – 15.0 for preliminary injunction hearing – 16.2 for clerical tasks = 90.1

[7] 19.8 requested for work on litigation + 22.7 requested for work on Motion – 0.7 for work related to potential clients – 10.0 for excessive work on Motion = 31.8

[8] 19.5 requested – 5.1 for claims Plaintiffs lost – 1.9 for partial success – 0.5 for work on appeal – 2.2 for work regarding potential clients – 4.3 for unspecified research – 0.3 for unspecified conference calls – 0.1 for clerical tasks = 5.1

[9] 2.0 requested – 1.7 for work regarding potential clients = 0.3

[10] 13.3 requested – 3.9 for claims Plaintiffs lost – 3.8 for partial success – 0.4 for clerical tasks = 5.2

[11] 12.7 and 10.0 requested – 1.3 for claims Plaintiffs lost – 4.1 for partial success – 8.5 for work on appeal – 0.4 for duplicative billing – 3.55 for clerical tasks = 4.85

[12] 121.25 requested – 13.05 for claims Plaintiffs lost – 11.05 for partial success – 5.7 for work on appeal – 8.5 for work after proposed stipulation – 4.9 for work regarding potential clients/press coverage – 4.3 for unspecified conference calls – 1.8 for duplicative billing – 4.0 for clerical tasks = 67.95

| Lajuanna Zier (paralegal) | 20.5[13] | $85.00 | $1,742.50 |
|---|---|---|---|
| *Hawaii General Excise Tax*[14] | | 4.712% | $1,042.65 |
| **TOTAL** | | | **$54,938.90** |

III.  Costs

Plaintiffs request $10,016.19 in costs from the Bopp Law Firm for the litigation and work on the present Motion. Reply at 20; Ex. D to Supplemental Bopp Decl. Plaintiffs also request costs of $269.38 from local counsel.  Hochberg Aff. ¶ 15.

First, Plaintiffs' agree that they are not entitled to recover $260.65 in costs for printing the response brief for the preliminary injunction appeal.  See Reply at 20; Supplemental Bopp Decl. ¶ 4.  The Court also denies the remaining $1,616.86 in costs related to the appeal because the Ninth Circuit's order specifically stated that each party was to bear it own costs of appeal and, as discussed above, any request for fees and costs should have been submitted to the Ninth Circuit in the first instance.  See Ex. C to Bopp Decl. at 65, 67.

Second, as discussed above, Plaintiffs are not allowed to recover for developing "potential clients."  The Court deducts the $162.00 in costs of the conference call with these potential

[13] 55.95 requested – 0.5 for claims Plaintiffs lost – 5.3 for partial success – 0.35 for unspecified conference calls – 2.9 for insufficient entries – 0.8 for duplicative billing – 25.6 for clerical tasks = 20.5

[14] Hawaii General Excise Tax is calculated on fees from Mr. Hochberg's firm only.

clients.  <u>See</u> Ex. C to Bopp Decl. at 1–2, 9.

Third, Plaintiffs are not allowed to recover costs for photocopies because their request does not comply with the Local Rule requirements.  Local Rule 54.2(f)(4) requires the requesting party to "submit[] an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  LR 54.2(f)(4). Plaintiffs do not provide this information in their cost request, instead they provide a basic "photocopies" line item description. <u>See</u> Ex. C to Bopp Decl. at 21, 49; Ex B to Hochberg Aff. at 29. Also, Local Rule 54.2(f)(4) specifically states that "[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable."  LR 54.2(f)(4); <u>see</u> Bopp Decl. at 54.  Accordingly, the Court will deduct $748.78 in costs from the Bopp Law Firm and $250.70 in costs to local counsel for copies.

These deductions total $2,788.29 in costs requested for the Bopp Law Firm and $250.70 for local counsel.  In addition to these deductions, the Court finds that it is appropriate to reduce the costs awarded by half to account for Plaintiffs' partial success on the merits.  As discussed above, although Plaintiffs would have incurred many of these costs if they had proceeded only on the one claim on which they prevailed, it is appropriate to account for Plaintiffs' overall limited success in

awarding fees and costs.  The Court recommends that the district court award costs in the amount of $3,613.95[15] for costs incurred by the Bopp Law Firm and $9.34[16] for costs incurred by local counsel.

CONCLUSION

The Court FINDS AND RECOMMENDS that Plaintiffs' Motion for Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge AWARD Plaintiffs $54,938.90 in attorneys' fees and $3,623.29 in costs. The Court further RECOMMENDS that the district judge DENY the remainder of Plaintiffs' request.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 30, 2012

Richard L. Puglisi
United States Magistrate Judge

**YAMADA V. WEAVER, CIVIL NO. 10-00497 JMS-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

---

[15] $10,016.19 – $1,877.51 for appeal – 162.00 for conference calls – $748.78 for copies = ($7,227.90 ÷ 2) = $3,613.95

[16] $269.38 – $250.70 for copies = ($18.68 ÷ 2) = $9.34