IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JIMMY YAMADA, ET AL., | ) CIVIL NO. 10-00497 JMS-RLP |
| | ) |
| Plaintiffs, | ) ORDER ADOPTING AND |
| | ) MODIFYING FINDINGS AND |
| vs. | ) RECOMMENDATION TO GRANT IN |
| | ) PART AND DENY IN PART |
| MICHAEL WEAVER, IN HIS | ) PLAINTIFFS' MOTION FOR |
| OFFICIAL CAPACITY AS CHAIR | ) ATTORNEYS' FEES AND COSTS |
| AND MEMBER OF THE HAWAII | ) |
| CAMPAIGN SPENDING | ) |
| COMMISSION, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER ADOPTING AND MODIFYING FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 54.3, Plaintiffs

Jimmy Yamada ("Yamada") and Russell Stewart ("Stewart") (collectively

"Plaintiffs")[1] object to an August 30, 2012 Finding and Recommendation of U.S.

Magistrate Judge Richard Puglisi to Grant in Part And Deny in Part Plaintiffs'

---

[1] There are three Plaintiffs in this action: Yamada, Stewart, and A-1 A-Lectrician, Inc. ("A-1"). As explained in *Yamada v. Weaver*, --- F. Supp. 2d. ----, 2012 WL 983559 (D. Haw. Mar. 21, 2012), Yamada and Stewart prevailed on Count Eight, which does not pertain to A-1. That is, attorneys' fees and costs are only awardable to Yamada and Stewart (not A-1). Thus, although A-1 is also a Plaintiff, the court refers to Yamada and Stewart as "Plaintiffs" in this Order (unless the context indicates otherwise).

Motion for Attorneys' Fees and Costs ("the Findings and Recommendation").

After careful review of the voluminous record, Magistrate Judge Puglisi

recommended that the court award Plaintiffs $54,938.90 in attorneys' fees and

$3,623.29 in costs.  Doc. No. 177, Findings and Recommendation, at 29.  The

court has reviewed the Findings and Recommendation *de novo*, and has analyzed

the Objections, Response, and Reply.  Being intimately familiar with the

procedural and substantive history of this case, the court ADOPTS the Findings

and Recommendation, but MODIFIES it by the addition of $5,213.75 in attorneys'

fees as explained to follow.  The court thus awards Plaintiffs **$60,152.65** in

attorneys' fees and **$3,623.29** in costs.

## II.  BACKGROUND

Yamada, Stewart, and A-1 filed this action pursuant to 42 U.S.C.

§ 1983, which allows a "prevailing party" to seek a "reasonable attorney's fee as

part of the costs[.]"  42 U.S.C. § 1988(b).  The Amended Complaint alleged nine

counts, challenging the constitutionality of five sets of provisions of Hawaii's

campaign finance laws.  Yamada and Stewart prevailed on one of the nine counts,

succeeding in an as-applied challenge to Hawaii Revised Statutes ("HRS") § 11-

358, which limits the amount of campaign contributions made to non-candidate

committees.  They obtained a preliminary, and then permanent, injunction

2

preventing Defendants[2] from enforcing HRS § 11-358 as applied to Plaintiffs' past and proposed campaign contributions to the American Family Alliance - Political Action Committee (an entity that engages in solely independent campaign expenditures).  *See Yamada v. Kuramoto*, 744 F. Supp. 2d 1075 (D. Haw. 2010) ("*Yamada I*"); *Yamada v. Weaver*, --- F. Supp. 2d ----, 2012 WL 983559, at *33 (D. Haw. Mar. 21, 2012) ("*Yamada III*").  But the court ruled against Plaintiffs (including A-1) on the other eight counts, as to the other four challenged sets of statutory provisions, at both the preliminary and permanent injunction phases.  *See Yamada III*, 2012 WL 983559, at *33 (issuing permanent injunction as to HRS § 11-358, and denying all other relief sought); *see also Yamada v. Kuramoto*, 2010 WL 4603936, at *20 (D. Haw. Oct. 29, 2010) (*Yamada II*) (denying a motion for preliminary injunction as to three of the four remaining sets of challenged provisions, *i.e.*, besides HRS § 11-358).  *Yamada I*, *Yamada II*, and *Yamada III* set forth the full background of the issues in this action, and the court need not repeat the details here.

The court granted the preliminary injunction as to HRS § 11-358 (then known as HRS § 11-KK) on October 7, 2010.  *Yamada I*, 744 F. Supp. 2d at 1076.

---

[2]  The Defendants are the members of the State of Hawaii Campaign Spending Commission ("Commission") in their official capacities.  The current lead Defendant is Michael Weaver, in his official capacity as Chair and Member of the Commission.  The court refers to the Commission and its members collectively as "Defendants."

Ultimately, *Yamada I* was a straightforward application of *Long Beach Area Chamber of Commerce v. City of Long Beach*, 603 F.3d 684, 691 (9th Cir. 2010) and *SpeechNow.org v. Federal Election Commission*, 599 F.3d 686 (D.C. Cir. 2010). Defendants filed an interlocutory appeal pursuant to 28 U.S.C. § 1292, asserting that *City of Long Beach* was distinguishable. After full briefing before the Ninth Circuit, Defendants moved to voluntarily dismiss their appeal on June 9, 2011 (a week before scheduled oral argument) after the Ninth Circuit decided *Thalheimer v. City of San Diego*, 645 F.3d 1109 (9th Cir. 2011) (published on June 9, 2011) (reaffirming or clarifying *City of Long Beach*). In its June 10, 2011 Order granting Defendants' Motion to Dismiss their appeal, the Ninth Circuit stated that "[e]ach party shall bears its own costs of appeal," and that "this order shall constitute the mandate of the court." Doc. No. 114.

Meanwhile, the court issued an administrative stay, pending results of then-ongoing proceedings in *Human Life of Washington v. Brumsickle*, 624 F.3d 990 (9th Cir. 2010). Doc. No. 97. After certiorari was denied in *Brumsickle* and after the preliminary injunction appeal was dismissed on June 10, 2011, the administrative stay was lifted on June 16, 2011. Doc. No. 115. On December 5, 2011, the parties filed Cross-Motions for Summary Judgment regarding permanent injunctive relief on all claims. Doc. Nos. 125, 126. Those Motions were heard on

4

February 6, 2012, and the court issued *Yamada III* on March 21, 2012.  Doc. No. 149.  The court made permanent the preliminary injunction regarding the as-applied challenge to HRS § 11-358, but otherwise granted no relief to Plaintiffs (including A-1).

After final judgment entered, Plaintiffs filed their Motion for Attorneys' Fees and Costs, seeking $194,371.13 as prevailing parties under 42 U.S.C. § 1988(b) for succeeding in their challenge to § 11-358.  Doc. No. 165, Mot. at 7.  Plaintiffs' counsel had reduced (from the time they spent on the case as a whole) the time sought for their partial success, and $194,371.13 was their proffered result.  Defendants filed an Opposition on July 16, 2012, Doc. No. 171, and Plaintiffs filed a Reply on August 20, 2012.  Doc. No. 175.

Magistrate Judge Puglisi issued the Findings and Recommendation on August 30, 2012, awarding $54,938.90 in attorneys' fees and $3,623.29 in costs.  Doc. No. 177, Findings and Recommendation, at 29.  Plaintiffs objected to the Findings and Recommendation on September 17, 2012.  Doc. No. 178.  Defendants filed their Response to the Objections on September 28, 2012, Doc. No. 179, and Plaintiffs filed a Reply on October 24, 2012.  Doc. No. 185.  The court decides the matter without an oral hearing under Local Rule 7.2(d).

### III.  <u>STANDARD OF REVIEW</u>

When a party objects to a magistrate judge's findings or

recommendations, the district court must review de novo those portions to which

the objections are made and "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge."  28 U.S.C.

§ 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he

district judge must review the magistrate judge's findings and recommendations de

novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the

same as if it had not been heard before, and as if no decision previously had been

rendered."  *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United*

*States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not

hold a de novo hearing; however, it is the court's obligation to arrive at its own

independent conclusion about those portions of the magistrate judge's findings or

recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614,

616 (9th Cir. 1989).

///

///

# IV. **DISCUSSION**

## A.   **The Court's Perspective on Plaintiffs' Limited Success**

The parties agree that Plaintiffs obtained only limited success, but they disagree on the reasonableness of an award for such partial relief.  Before addressing specifics of the Findings and Recommendation, the court provides its perspective on Plaintiffs' degree of success (again, after having spent considerable time and effort with the issues in this case in deciding *Yamada I*, *Yamada II*, and *Yamada III*).  That is, the court begins by setting forth its "overall sense of [the] suit," *Fox v. Vice*, ___U.S. ___, 131 S. Ct. 2205, 2216 (2011), to put in perspective any "estimates in calculating and allocating an attorney's time."  *Id.*

Generally, the subject of campaign finance law is complicated.  And, overall, this case presented difficult issues in the wake of *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), and lengthy prior Supreme Court caselaw.  For example, the seminal campaign finance case, *Buckley v. Valeo*, 424 U.S. 1 (1976), takes up nearly 300 pages in the United States Reports.  Moreover, the issues stemming from *Citizens United* were (and are) of nationwide importance.

But the one issue on which Plaintiffs prevailed -- a challenge to § 11-358 as applied to contributions to non-candidate committees making only

independent expenditures -- was certainly not complicated. After the court's initial study, as stated above, it became clear that this issue had essentially already been decided by the District of Columbia Circuit in *SpeechNow.org* -- and the Ninth Circuit had likewise issued *City of Long Beach* which this court could not ignore. And, early on, Plaintiffs acknowledged and argued that they obtained a preliminary injunction on an "easy" issue. *See* Doc. No. 82, Pls.' Resp. to Defs.' Mot. to Stay, at 4 ("The Court noted at the October 1 preliminary-injunction hearing that this action presents hard questions. Plaintiffs submit, however, that the as-applied challenge to Section 11-[358] is not one of them[.]").[3] Indeed, during the preliminary injunction hearing, the court agreed with Plaintiffs on this point:

> Mr. Elf:      As for the limits on contributions to political committees that do only independent spending for political speech, this is the easiest part of this case.
>
> The Court:   You know what, you don't need to argue that part of the case. Because right now I agree with you a hundred percent.
>               I'll hear from the state, if they have anything to say on that that changes my mind, I'll let you know.
>
> Mr. Elf:      Then we will stand on what we submitted.

---

[3] They also made that exact same argument to the Ninth Circuit. *See* 9th Cir. Docket Entry 17 (App. No. 10-17280), Pls.' Response Br. at 16.

Doc. No. 77, Tr. (Oct. 1, 2010) at 97.  And especially after *Thalheimer* was issued in June 2011, the permanent injunction as to § 11-358 (which the court eventually issued in *Yamada III*) was a foregone conclusion.[4]  In short, although Plaintiffs prevailed in their challenge to one of five provisions (or sets of provisions) of Hawaii's campaign finance laws, the degree of success was limited to the simplest of issues presented to the court.

**B.     Plaintiffs' Objections to the Findings and Recommendation**

In addressing the request for attorneys' fees under 42 U.S.C. § 1983, the court must "provide a concise but clear explanation of its reasons for the fee award."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  "[T]he most critical factor is the degree of success obtained."  *Id.* at 436.  And "in cases where a voluminous fee application is filed in exercising its billing judgment the district court is not required to set forth an hour-by-hour analysis of the fee request."  *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The explanation need not be

---

[4] Likewise, at the February 6, 2012 summary judgment hearing, as to § 11-358 this court indicated that it "did not pay attention to it" because "the issue [is] behind us now."  Doc. No. 171-17, Marie-Iha Decl. Ex. 14 (excerpts of transcript), at 5.  This court stated that "there is a concession by the [Defendants] that I grant summary judgment"and "a permanent injunction will issue."  *Id.*  Discussion then focused on the specific language of such a permanent injunction, which ultimately was taken from *Yamada I* -- the court's earlier October 7, 2010 Order on the preliminary injunction.  *Id.* at 10.

elaborate, but it must be comprehensible."). "The 'concise but clear' explanation requirement mandates that the district court explain the reasons for its fees award; it does not demand that the court make findings as to each of defendants' specific objections to plaintiffs' billing judgment." *Gates*, 987 F.2d at 1400.  As the Supreme Court recently emphasized, "the determination of fees 'should not result in a second major litigation.'" *Fox*, 131 S. Ct. at 2216 (quoting *Hensley*, 461 U.S. at 437).  "[T]rial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.*  Put succinctly, if appropriate, the court need not elaborate or comment on all the evidence.  The court proceeds with this guidance in mind.

After carefully reviewing the Findings and Recommendation de novo, and having considered all written argument and having fully analyzed the record, the court ADOPTS the Findings and Recommendation (subject to two modifications as explained to follow).  Magistrate Judge Puglisi set forth the proper lodestar analysis, with detailed calculations (which the court has confirmed) and provided the reasoning for the rates of counsel and the specific deductions in

hours.[5]  Specifically, the court incorporates the Findings and Recommendation's chart which itemizes the lodestar calculations (including the mathematical explanations in the footnotes four through sixteen).  *See* Doc. No. 177, Findings and Recommendation, at 26-29.  Having reviewed the issues de novo, the court now addresses some of the primary objections and makes two modifications.

## C.  Reduction for Excessive Fees Incurred After Defendants' Concessions on a Permanent Injunction

The court has reviewed and accepts the Declarations of Defendants' counsel regarding repeated efforts they made to stipulate with Plaintiffs regarding a permanent injunction as to § 11-358 (efforts made after Defendants' withdrawal of their appeal of the preliminary injunction in June 2011).  *See* Doc. No. 171-2, Aina Decl. ¶¶ 4-12; Doc. No. 171-3, Marie-Iha Decl. ¶¶ 2-5.  Specifically, Defendants repeatedly attempted in October and November 2011 (well before briefing was due on the cross-motions for summary judgment) to stipulate with Plaintiffs to entry of a permanent injunction -- with no, or at best an unreasonably muted, response by

---

[5]  In particular, after de novo review, the court agrees with the Findings and Recommendation's reductions for (1) partial success, (2) time spent on clerical tasks, and (3) costs that were not adequately described.  The court agrees with the attorney hourly billing rates (except for Mr. Elf's, as explained below) as they comport with the practice within this district.  And the court also agrees (although not clearly objected to by Plaintiffs) with the conclusion that Plaintiffs may not recover fees for time not spent in this litigation -- such as for time "spent meeting with or soliciting potential plaintiffs."  Doc. No. 177, Findings and Recommendation, at 19.

Plaintiffs, especially given how clear it was at that point that a permanent injunction was appropriate on the "easy" issue (as described above).  Doc. No. 171-2, Aina Decl. ¶ 11; Doc. No. 171-3, Marie-Iha Decl. ¶ 5.  In their summary judgment briefing as well, Defendants agreed at least three times (in their Motion, in their Opposition to Plaintiffs' Motion, and in a Reply) that a permanent injunction should be entered as to § 11-358.  *See* Doc. No. 171-3, Marie-Iha Decl. ¶¶ 7a.-7c.

Under these circumstances, and given how obvious the issue had become after *Thalheimer*, the court agrees completely with the Findings and Recommendation's reduction of hours (38.0 for Randy Elf and 8.5 hours for James Hochberg) for excessive time spent continuing to challenge § 11-358 after Defendants had repeatedly conceded to an entry of a permanent injunction.  Doc. No. 177, Findings and Recommendation, at 18.  Plaintiffs should not be awarded fees and costs for continuing to "beat a dead horse" -- such time was excessive, unnecessary, and unreasonable.  And for the same reason, the court also agrees with the deduction of 20 hours of the time Mr. Elf spent preparing for and traveling to the February 6, 2012 summary judgment hearing.[6]  *See id.* at 19.  Plaintiffs

_____

[6] Plaintiffs argue that this travel time is fully compensable as "work that would have been reasonably performed if only the winning claim had been brought."  Doc. No. 178, Pls.' Objections at 12.  But, if only the § 11-358 issue had been brought, the court almost certainly

(continued...)

(including A-1) lost on everything that was substantively argued at that hearing.

## D. Reduction for Fees and Costs Related to the Preliminary Injunction Appeal

The court also agrees with the Findings and Recommendation that Plaintiffs may not, in this proceeding and at this level, obtain fees or costs incurred for work done in the Ninth Circuit in 2011 while defending Defendants' interlocutory appeal of *Yamada I*.

"[A] request for attorney's fees incurred on appeal must be made to [the Ninth Circuit], not to the district court. The district court is not authorized to award attorney's fees for an appeal unless [the Ninth Circuit] transfer[s] the fee request to the district court for consideration." *Cummings v. Connell*, 402 F.3d 936, 940 (9th Cir. 2005).[7] *Cummings* vacated a district court award of fees

---

[6](...continued)
would have decided the permanent injunction matter without a hearing at all, given *City of Long Beach*, *Thalheimer*, and *Farris v. Seabrook*, 667 F.3d 858, 865-68 (9th Cir. 2012) (applying the logic of *City of Long Beach* and *Thalheimer* to campaign contributions to recall committees). That is, no hearing would have been necessary on this "easy" issue standing alone.

[7] *Cummings* based it holding, in part, on Ninth Circuit Rule 39-1.6, which provided in 2005 that "a request for attorneys fees . . . shall be filed with the Clerk . . . within 14 days from the expiration of the period within which a petition for rehearing or suggestion for rehearing en banc may be filed, unless a timely petition for rehearing or suggestion for rehearing en banc is filed." 402 F.3d at 947. Ninth Circuit Rule 39-1.6 was amended in 2007 to read in part: "Absent a statutory provision to the contrary, a request for attorneys' fees shall be filed no later than 14 days after the expiration of the period within which a petition for rehearing may be filed, unless a timely petition for rehearing is filed." Although the new rule does not state that a request "shall be filed with the Clerk," Ninth Circuit Rule 39-1 as a whole still clearly contemplates that attorneys' fees requests for appellate work are to be made in the Ninth Circuit
(continued...)

incurred in a prior appeal, explaining that:

> Plaintiffs' application for attorneys' fees and expenses incurred on appeal in *Cummings I* should have been filed with the Clerk of the Ninth Circuit.  Ninth Circuit Rule 39-1.8 authorizes us to transfer a timely-filed fees-on-appeal request to the district court for consideration, but the decision to permit the district court to handle the matter rests with the court of appeals.  In the absence of such a transfer, the district court was not authorized to rule on the request for appellate attorney's fees.

402 F.3d at 947-48 (noting Circuit Rule 39-1.8, which provides that "[a]ny party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court or administrative agency from which the appeal was taken").  Thus, *Natural Resources Defense Council, Inc. v. Winter*, 543 F.3d 1152, 1164 (9th Cir. 2008) reiterated that "[i]n *Cummings*, we held that appellate fees requested pursuant to 42 U.S.C. § 1988 must be filed with the Clerk

---

[7](...continued)
in the first instance.  Indeed, courts continue to follow *Cummings* after the change.  *See, e.g.*, *Nader v. Brewer*, 2009 WL 811450, at *1 (D. Ariz. Mar. 27, 2009); *Marshall v. Kirby*, 2010 WL 4923486, at *7 (D. Nev. Nov. 29, 2010).  In any event, *Cummings* remains binding precedent on this court.  *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (holding that only when "the reasoning or theory of . . . prior circuit authority is clearly irreconcilable" with subsequent changes in law should a court "reject the prior circuit opinion as having been effectively overruled").

of the Ninth Circuit in the first instance, not with the district court."[8]

Here, Plaintiffs seek attorneys' fees under § 1988, and they did not seek fees within fourteen days after the Ninth Circuit dismissed Defendants' appeal of *Yamada I* on June 10, 2011, as required by Ninth Circuit Rule 39-1.6(a). The time to seek fees has long expired.

Plaintiffs contend they could not have sought fees at that time, arguing that they were not prevailing parties because they had only obtained preliminary (not permanent) relief. They thus claim their request would have been premature. But *Watson v. County of Riverside*, 300 F.3d 1092 (9th Cir. 2002), has plainly held that "a plaintiff who obtains a preliminary injunction is a prevailing party for purposes of § 1988." *Id.* at 1095 (citing *Williams v. Alioto*, 625 F.2d 845, 847 (9th Cir. 1980)). It reasoned that "[a] preliminary injunction issued by a judge carries all the 'judicial imprimatur' necessary to satisfy [*Buckhanon Board & Care Home, Inc. v. West Virginia Department of Health*, 532 U.S. 598 (2001)]." *Watson*, 300 F.3d at 1096.

In short, this court has no authority to award any fees or costs that

---

[8] *Winter* distinguished fees sought under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), which allows fees to be sought "in any court having jurisdiction over the action," and upheld the district court award of fees for interlocutory appellate proceedings regarding entry of a temporary restraining order. 543 F.3d at 1164. It quoted *Cummings*, however, as to attorneys' fees sought under 42 U.S.C. § 1988 -- which is the provision at issue here. *Id.*

Plaintiffs incurred while Defendants were challenging *Yamada I* in the Ninth Circuit.  Accordingly, the Findings and Recommendation correctly deducted "8.5 hours of work by Mr. Hempworth; 0.5 hours of work by Mr. LaRue; 0.3 hours of work by Mr. Bopp; 63.7 hours of work by Mr. Elf; and 5.7 hours of work by Mr. Hochberg" for work spent on the appeal proceedings.  Doc. No. 177, Findings and Recommendation, at 17-18.

**E.    Hours Incurred on the Motion to Consolidate**

Plaintiffs challenge the Findings and Recommendation's denial of time spent on an initial Motion to Consolidate, *id.* at 13, which was filed on August 27, 2010 in conjunction with the original Complaint.  Doc. Nos. 8, 9.  The Motion sought under Federal Rule of Civil Procedure 65(a)(2) to combine the preliminary injunction hearing with a trial on the merits, asserting that pure questions of law were involved and that consolidation would preserve judicial resources.  After Defendants filed an Opposition on September 22, 2010, Doc. No. 47, the court allowed Plaintiffs to file a Reply.  Doc. No. 53.  The court orally denied the Motion to Consolidate on September 28, 2010, Doc. No. 56, and entered a corresponding written order on October 6, 2010.  Doc. No. 68.

Upon de novo review of the record, the court finds that some of the time incurred seeking to consolidate the proceedings (even if the motion was

unsuccessful) is related to the claim on which Plaintiffs succeeded.  *See Cabrales*

*v. Cnty. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("If a plaintiff ultimately wins

on a particular claim, she is entitled to all attorney's fees reasonably expended in

pursuing that claim -- even though she may have suffered some adverse rulings.").

Although the court denied the Motion because of factual issues and a need for

discovery, if the proceedings had been consolidated (on § 11-358 alone) and

Defendants had been permanently enjoined in October of 2010, much time might

have been saved.  The court deems such time, at least in part, was reasonably spent

in pursuit of the injunction as to § 11-358.  *Cabrales*, 935 F.2d at 1053.

Accordingly, the court MODIFIES the Findings and Recommendation

by allowing recovery as follows:  (1) J. LaRue, 5.6 hours at $150 per hour; (2) E.

Kosel, 3.9 hours at $125 per hour; (3) R. Elf, 0.3 hours at $300 per hour (as

explained in Section E to follow).  *See* Doc. 171-18, Opp'n Ex. 15, Chart C.  This

total amount is $1,417.50.  But the court agrees with the Findings and

Recommendation that such time spent on general tasks of litigation should be

reduced by fifty percent for limited success.  *See* Doc. No. 177, Findings and

Recommendation, at 15.  Thus, the court increases the award of attorneys' fees by

**$708.75**.

17

**F.      Reasonable Hourly Rate for Randy Elf**

Finally, in one last respect, the court disagrees with Magistrate Judge Puglisi (and the disagreement stems only from this court's familiarity with counsel's roles that the court gained from handling the merits of the dispute).  The Findings and Recommendation found that a reasonable hourly rate for Mr. Elf (of the Bopp Law Firm of Indiana) is $250, and that a reasonable hourly rate for Mr. Hochberg (local counsel) is $300.  *Id.* at 7, 10.  The higher rate for Mr. Hochberg was based primarily on his having more years of practice, and on a range of rates in the local community as set forth in the declaration of Judge (ret.) Marie Milks. *Id.* at 6.

The court recognizes, however, that campaign finance law is a specialized field in which Mr. Elf and the Bopp Law Firm practice on a nationwide basis.  The court (without diminishing Mr. Hochberg's role) also understands that Mr. Elf was the lead counsel, providing the substantive drafting of pleadings and expertise in the generally-complicated subject matter.  Thus, the court finds, given Mr. Elf's expertise and role in this litigation, an hourly rate of $300 is reasonable. That is, the court will raise the rate for Mr. Elf from $250 to $300.

The Findings and Recommendation awarded Mr. Elf fees based on 90.1 hours of work related to the partially successful challenge.  *Id.* at 26.  At a rate

18

of $50 (the difference between $250 and $300), Mr. Elf's fee award is thus increased by **$4,505**. Previously, the award to Mr. Elf was $22,525.00. *Id.* Thus, the new award to Mr. Elf is **$27,030**. The award of costs remains at $3,623.29.

## V.  <u>CONCLUSION</u>

Based on the analysis above, and on a de novo review of the record, the court ADOPTS the August 30, 2012 Findings and Recommendation of Magistrate Judge Richard Puglisi to Grant in Part and Deny in Part Plaintiffs' Motion for Attorneys Fees and Costs.  Doc. No. 177.  The court, however, MODIFIES the total fee award by (1) awarding additional attorneys' fees of $708.75 for the Motion to Consolidate filed on August 27, 2010, and (2) raising the award to Mr. Elf by $4,505.00.  This is an increase in fees of $5,213.75 from the $54,938.90 in the Findings and Recommendation.

Accordingly, Plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED in PART and DENIED in PART.  Pursuant to 42 U.S.C. § 1988, Plaintiffs are awarded **$60,152.65** in attorneys' fees and **$3,623.29** in costs, as

///

///

///

///

divided in the Findings and Recommendation.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 30, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Yamada et al. v. Weaver et al.*, Civ. No. 10-00497 JMS-RLP, Order Adopting and Modifying Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Attorneys' Fees and Costs